NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| VERONICA IVONNE PAEZ MONTIEL, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-965 <br><br> Agency No. A208-594-016 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026**
Pasadena, CA

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Petitioner Veronica Ivonne Paez Montiel is a native and citizen of Mexico.

She petitions for review of a decision by the Board of Immigration Appeals

("BIA") denying her second motion to reopen proceedings. We have jurisdiction

pursuant to 8 U.S.C. § 1252. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Petitioner argues that the BIA committed legal error by failing to review her motion to reopen under the "exceptional situations" or "exceptional circumstances" standard.[1] She further contends that the BIA should not have treated her motion to reopen as a request to terminate proceedings under *Matter of Coronado Acevedo*, 28 I. & N. Dec. 648 (A.G. 2022). Neither argument succeeds here.

The BIA may exercise its *sua sponte* authority to reopen a case on its own motion in "truly exceptional" situations. *In re G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999). But judicial review of the BIA's refusal to reopen proceedings *sua sponte* is limited; we have previously recognized that the "'exceptional situation' benchmark does not provide a sufficiently meaningful standard to permit judicial review." *Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016) (discussing *Ekimian v. INS*, 303 F.3d 1153 (9th Cir. 2002)). We have jurisdiction to review the BIA's refusal to exercise its *sua sponte* authority only "so as to assure that the Board made its discretionary decision on the correct understanding of the applicable legal principles." *Id.* at 584; *see also Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (limiting review to "those situations where it is obvious that the agency has denied *sua sponte* relief not as a matter of discretion, but because it erroneously believed

---

[1] Petitioner does not contest the BIA's findings that her second motion to reopen was untimely and number-barred.

that the law forbade it from exercising its discretion . . . or that exercising its discretion would be futile").

The BIA did not misunderstand a legal principle. "Exceptional situations" and "exceptional circumstances" are not judicially manageable standards. And the BIA did not, as Petitioner suggests, rely on *Matter of Coronado Acevedo* or use "limited circumstances" as the standard for declining to reopen removal proceedings. Rather, the BIA appears to have cited the case simply to show the authority it would rely on if it were to terminate proceedings.

Nor did the BIA misconstrue Petitioner's motion. Though the motion initially requests that proceedings be reopened and stayed, it later states: "[W]e are requesting that proceedings be Reopen[ed] *and be terminated* for minor to proceed with [Special Immigrant Juvenile ("SIJ") classification] and seeking Adjustment of Status through USCIS." To the extent there is any ambiguity as whether Petitioner sought termination of proceedings solely with respect to her son,[2] the motion then states: "Respondent has requested by and through her attorney of record the government to join respondent in a motion to close her case in the form of Prosecutorial Discretion."

---

[2] The BIA could not have terminated proceedings with respect to Petitioner's son because it never assumed jurisdiction over her son's case. Petitioner did not include her son on the Notice of Appeal, so he was not a party to the appeal.

3

The BIA did not misunderstand its broad discretion to grant or deny *sua sponte* relief. It "exercise[d] its authority against the correct legal background," so "there is nothing left for us to review." *Lona*, 958 F.3d at 1235 (quoting *Bonilla*, 840 F.3d at 588, 592).

**PETITION DENIED.**[3]

---

[3] Petitioner's motion and supplemental motion to stay removal are denied.